DOBSON *v.* CUBLEY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 206.   Argued April 10, 11, 1893.— Decided April 24, 1893.

The inventions protected by letters patent No. 203,604, granted to Charles E. Dobson, May 14, 1878, or by letters patent No. 249,321, granted to Henry C. Dobson, November 8, 1881, both for improvements in banjos, exhibit patentable novelty; but they are not infringed by instruments constructed according to the specification and claims in letters patent 253,849, granted to Edwin I. Cubley, February 21, 1882.

IN equity to prevent the infringement of letters patent. The case is stated in the opinion.

*Mr. Arthur S. Browne,* (with whom was *Mr. Albert Comstock* on the brief,) for appellant.

*Mr. Howard Henderson* for appellee.

MR. JUSTICE SHIRAS delivered the opinion of the court.

This case comes here on appeal from the Circuit Court of the United States for the Southern District of New York, whose decree dismissed complainant's bill charging the defendants

with infringing letters patent of the United States, No. 203,604, granted to Charles E. Dobson, May 14, 1878, and letters patent No. 249,321, granted to Henry C. Dobson, November 8, 1881, both being for improvements in banjos.

The bill discloses that the several letters patent, so as aforesaid issued to Charles E. Dobson and to Henry C. Dobson, by certain assignments in writing, became vested in the complainant, Catharine L. Dobson, and avers an infringement by the defendants E. I. Cubley and George Van Zandt of her rights under said letters patent.

The defendants, by their answer, admit that letters patent were issued as alleged in the bill to Charles E. Dobson and Henry C. Dobson, but deny that said patentees were original inventors of the devices described therein, and allege that each of the combinations or devices claimed in said several letters patent was a mere aggregation of mechanical features well known in the art, and hence contend that the claims for said devices should be declared null and void.

The answer further sets up that the defendant Edwin I. Cubley was himself the original inventor of certain improvements in banjos and other musical instruments, for which letters patent No. 253,849 were, on the 21st of February, 1882, granted to him, under which the defendants were carrying on the manufacture and sale of banjos, and denies that such manufacture and sale were infringements of any supposed or alleged rights of complainant as assignee of the several letters patent described in the said bill.

Replication was duly filed, testimony taken, and, after hearing, the decree dismissing the bill of complaint was rendered.

The banjo is described as a musical instrument of the guitar class, having a neck with or without frets, and a circular body covered in front with tightly-stretched parchment. It has from five to nine strings, of which the melody string, the highest in pitch, but placed outside of the lowest of the others, is played by the thumb of the performer. As in the guitar, the pitch of the strings is fixed by stopping them with the left hand while the right hand produces the tone by plucking or striking. (The Century Dictionary, article, Banjo.)

The banjo of the Charles E. Dobson patent contained a dome-shaped ring, composed of metal, interposed between the parchment and a wooden rim, and what is claimed as new is this dome-shaped ring, in combination with the wooden rim and parchment head. The advantages claimed are that the rounded shape of the ring causes less wear of the parchment head than the more angular corner or edge previously in use, and that such combination materially improves the tone or resonance.

The banjo of Henry C. Dobson has also a metal ring, but the ring is formed with two downwardly-projecting flanges, interposed between the parchment head and a rim composed of wood and metal. The outer flange passes down outside of the ring, and the inner one projects down inside the ring, and is free from contact with other parts of the instrument, so as to be capable of unrestrained vibration, and it is claimed that the effect is to give a clear, bell-like ringing tone to the instrument.

The ring is an element of both of the Dobson patents, and its peculiar form is essential in each invention in producing the bell-like notes which are characteristic of the instruments. These effects are varied in each by the dimensions and form of the ring, and in the Henry C. Dobson patent the flanges and the combination of wood and metal in the rim are distinctive features.

The Cubley banjo has no ring. The parchment rests directly on the rim, as was the case with the old form of banjo. The device claimed as new is in making the shell entirely of sheet metal, and the advantages claimed are, first, mechanical, in strengthening the shell by shaving it so that the strain of the parchment will come upon the metal in the line of its greatest resistance, and thus maintain the shape of a true circle; secondly, in beautifying the appearance of the shell by covering from view the internal attachments by which the straining device is fastened upon the outer side, and providing a continuous surface unbroken and with rounded corners, capable of being finely and easily polished; and thirdly, to strengthen and render more melodious the tone of the instrument.

Conceding that the Dobson devices involve a patentable novelty, we are of the opinion that the Cubley patent does not infringe either of these, as it has no ring upon which the parchment rests. In the Cubley banjo the parchment rests directly upon the rim, which consists of a metallic shell formed by turning over both edges of a piece of sheet metal and constituting a hollow rim or case, the effect of which is to impart a different musical quality to the instrument. This difference is doubtless accentuated by discarding altogether the wooden rim of the Dobson banjo. The devices are so dissimilar in their design and functions that we are of the opinion that the latter cannot be deemed an infringement of the former.

These differences in mechanical structure result in a noticeable difference in the tones of the instruments, so much so as to call for a different kind of trade.

Arthur C. Fraser, the complainant's expert, admits that in the Dobson patents the ring and rim are two distinct parts, while in the defendant's banjo they are actually integral. He claims that this feature of construction necessitates that the rim should be of metal, which, as compared with a wooden rim, gives the instrument what he calls "an inferior quality of tone." He says that, "assuming that both banjos were made of the same grade of excellence, so far as workmanship and finish are concerned, it seems to me that the Dobson banjo would be considerably superior to the defendant's banjo in the fact chiefly that it is constructed with a wooden rim, whereas defendant's banjo has a metal rim. The rim of a banjo is essentially its sounding box, and it is well known that wood is more resonant, and is in every way a better material for a sounding box than metal, giving a louder sound and a fuller, deeper and richer quality than is given out by metal. A metal sounding box gives out a light, thin, wiry or tinny sound as compared with the full, sonorous vibration resulting from a wooden sounding box." He further says: "A brass plate as thick as that in the ring in the Dobson banjo would give a much louder and clearer ringing tone than a similar plate made as thin as the flange of the ring in the defendant's banjo. . . . The sound produced by the Dobson banjo is

much louder, and the tone more full, clear, resonant and brilliant than that of defendant's banjo, which is comparatively weak, colorless, and sharp or tinny."

William Becker, an expert called by the defendant, testified. that "I think the Dobson banjos are more adapted for large audiences, ball-rooms, theatres, etc., while the Cubley banjo would better meet the trade for home amusement and parlor use." And again: "It is well known that wood-rim banjos covered with metal have a sharp, shrill tone, where a hollow-shell rim will give a metal tone."

George Van Zandt, a witness for the defendant, testified that "the tone of a banjo is a very essential feature in reference to its value as a musical instrument, but there are various kinds of tones, and for some uses one kind may be preferred to another, and for other uses, *vice versa*. For a concert room a strong, loud tone is desirable, and for a smaller room a soft and mellow tone would be preferred. The tone of the Dobson banjo is a loud, strong one, especially in the high notes. The one of the Cubley banjo is softer and more enduring, especially in the lower notes. For accompaniment and for use in the parlor by amateurs, probably the Cubley banjo would be preferred. By professional players, for brilliant effects, perhaps the Dobson banjo would be the best."

Without expatiating on this "strange difference twixt tweedle-dum and tweedle-dee," we think we see in the testimony of the respective witnesses on the merits of their favorite instruments a recognition of an obvious difference in the quality and characteristics of their tones. Differing, then, as we have seen they do, in their mechanical devices and in the material of the sounding boxes, and in the quality and character of their musical effects, we conclude that the Cubley banjo cannot be deemed an infringement of either of the Dobson banjos.

The contention that the Dobson banjos exhibit no patentable novelty has not been much pressed. At all events, we think that their additional devices are obvious improvements, and justify the granting of letters patent.

As the court below reached the same conclusion, 39 Fed. Rep. 276, its decree is *Affirmed.*